**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-60261
_____


FEREIDOON GHASEMI-TARI,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of the Board of Immigration
Appeals
A27 594 880
_____

December 18, 2000

Before JOLLY, DAVIS, Circuit Judges, and RESTANI[*], Judge.

PER CURIAM:[**]

This is an immigration case in which an alien residing illegally in the United States seeks reopening of his deportation proceedings to apply for suspension of deportation. The Board of Immigration Appeals ("BIA") denied petitioner's motion to reopen, and he now challenges that ruling on appeal.

Ghasemi-Tari is a native and citizen of Iran who entered the United States as a temporary visitor in 1985 with permission to

---

[*] Judge, U.S. Court of International Trade, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

remain for six months. In 1986, the Immigration and Naturalization Service ("INS") served him with an order to show cause, requiring him to appear in deportation proceedings to answer a charge of deportability. Ghasemi-Tari conceded deportability and applied for asylum and withholding of deportation. In 1987, an immigration judge denied that application, and gave him thirty days to leave the United States voluntarily or be deported to Iran. In 1992, the BIA dismissed Ghasemi-Tari's appeal from that decision. Later in 1992, Ghasemi-Tari filed with the BIA a motion to reopen deportation proceedings, requesting a remand to the immigration judge for an opportunity to apply for suspension of deportation. The BIA denied the motion to reopen in 2000 based on intervening changes in the law.

Prior to the changes in the law in 1996 (with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA")), it was within the discretion of the Attorney General to grant suspension of deportation to any alien physically present in the United States for seven years preceding the date of his application for suspension. 8 U.S.C. § 1254(a). However, in 1996, Congress enacted a new "stop-time" rule, which states that "any period of continuous physical residence or continuous physical presence in the United States shall be deemed to end when the alien is served with a notice to appear." 8 U.S.C. § 1229b(d)(1). Though these amendments ordinarily would not apply to aliens placed in deportation proceedings before their effective date, Congress specifically provided that the new "stop-time" rule would apply to

2

aliens in pending deportation proceedings. If this rule were applied to Ghasemi-Tari's case, he would be ineligible for suspension of deportation, since he lived in the United States only one year before he was served an order to show cause.[1]

First, petitioner argues that the "stop-time" rule enacted in 1996 may not be constitutionally applied retroactively to him, since he was already involved in deportation proceedings at the time of its enactment. After petitioner completed briefing, however, this Court decided the issue in Gonzalez-Torres v. INS, 213 F. 3d 899, 902 (5th Cir. 2000), where we held that a retroactive application of the rule does not violate a petitioner's due process rights.

Second, Ghasemi-Tari argues that notwithstanding the potential application of the "stop-time" rule, nothing in the IIRAIRA specifically precludes him from becoming eligible for suspension of deportation by accruing seven years of continuous physical presence in the United States after service of the order to show cause. He contends, in essence, that his time should "start over" with the service of the order to show cause. We agree with the respondent, however, that we lack jurisdiction to hear this argument because petitioner failed to exhaust his administrative remedies on this point. Gonzalez-Torres at 904.

---

[1]On the other hand, under the old law, it would be within the Attorney General's discretion to suspend Ghasemi-Tari's deportation, since he lived in the United States for more than seven years after the order to show cause was served, and thus fulfilled the requirement of seven years of physical presence immediately before the application for suspension of deportation.

3

For the above reasons, the order of the BIA denying Ghasemi-Tari's motion to reopen deportation proceedings to apply for suspension of deportation is AFFIRMED.